## The People of the State of Illinois, Defendant in Error, v. Thomas Kennedy et al., Plaintiff in Error.

### Gen. No. 14,844.

EVIDENCE—*when confession insufficient to establish corpus delicti.* Confessions, unsupported by evidence or by circumstances tending to corroborate the facts contained in such confessions (but on the contrary denied *in toto* by each defendant), do not constitute *prima facie* proof of the *corpus delicti* without which no conviction can be sustained.

Criminal prosecution for arson. Error to the Criminal Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed October 25, 1909.

W. G. ANDERSON, for plaintiffs in error; GEORGE H. SUGRUE, of counsel.

JOHN J. HEALY, for defendant in error; JOHN T. FLEMING and JAMES J. BARBOUR, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error sued out in this cause brings before us for review a judgment of conviction against all the plaintiffs in error and one Dempsey, and we are asked to reverse such judgment as to plaintiffs in error. The defendants were jointly indicted, with said Dempsey, for a conspiracy to commit arson. The indictment charges, *inter alia*, that defendants "did unlawfully, feloniously, fraudulently and wilfully, with the fraudulent and malicious intent to then and there wrongfully and wickedly commit a felony, to-wit, arson, conspire and agree together with each other to set fire to and burn a certain building known and described as No. 762 West Lake street, in the city of Chicago, there situated, the property of Oscar M. Brady and Oscar F. Brady, owners in common of said building, contrary to the statute and against the peace and

dignity of the same people of the state of Illinois.''
Motions for a new trial and in arrest of judgment
were made and overruled. Dempsey was summarily
disposed of with a fine, which he paid, and his co-de-
fendants, now before us, were sentenced to serve an
indeterminate term in the penitentiary, according to
the statutory provisions for those found guilty of such
crime. The State concedes that the defendant Mack
should have been granted a new trial, and makes no
objection to the reversal of the judgment of the Crim-
inal Court as to him. We have no disposition to
thwart the purpose of the State as to the defendant
Mack and shall therefore, in this opinion, treat him as
eliminated from the case, notwithstanding it will
clearly appear hereafter that were the State pressing
for an affirmance as to Mack, still the judgment as to
him must be reversed.

Three grounds are urged as necessitating a reversal
of the convictions: First, that the indictment is defect-
ive, second, that the evidence is insufficient to establish
the *corpus delicti*, and, third, error in instructions to
the jury. A careful analysis of the indictment con-
vinces us that it sufficiently charges a conspiracy to
commit a felony. The testimony of the State is limited
to the alleged confessions of the defendants, made to
certain police officers who swore to them categorically,
but all of which the defendants firmly, positively and
unequivocally denied when testifying in their own
defense. There was no independent evidence of the
conspiracy to support these confessions sworn to have
been made by them to the police officers. Nor is there
any evidence aside from these confessions that any
conspiracy was entered into at any time or place by
the defendants, or any two of them. There is testimony
as to two fires at the building set forth in the indict-
ment, one each in the months of October and December,
1907, but there is no proof of any character that either
of the defendants were in the vicinity of the burned
premises at any date near or remote from the times

when the fires occurred, and no evidence as to the origin or cause of either of the fires. Nor are there any circumstances inferable from any proof, aside from the claimed confessions, that any conspiracy was entered into or that either of the defendants had any part in causing the fires which took place on the premises mentioned in the indictment. No criminality is imputable to any of the defendants from the mere fact that fires occurred, without any evidence connecting them in some way or manner, directly or inferably, with those occurrences. Lacking proof of a conspiracy, the evidence is insufficient to support the conviction.

The confessions, unsupported by evidence or by circumstances tending to corroborate the facts contained in such confessions (but on the contrary denied *in toto* by each defendant), do not constitute *prima facie* proof of the *corpus delicti,* without which no conviction can be sustained. The court say in Campbell v. The People, 159 Ill. 24: "It is, however, familiar law, frequently recognized by this court, that extra-judicial confessions of the commission of crimes, where such confessions are relied on to establish guilt, are not sufficient to authorize a judgment of conviction without other proof of the *corpus delicti;* but the *corpus delicti* should first be otherwise established, not, however, necessarily by direct evidence." We regard this as a clear statement of the rule obtaining in this jurisdiction. Applying the test of such rule to the evidence in the record, it is apparently insufficient to support the judgment of conviction. South v. People, 98 *ibid.* 261; Williams v. People, 101 *ibid.* 382, 386; Bergen v. People, 17 *ibid.* 426.

So far as concerns these instructions which had in them some reference to the confessions of the defendants as proof of their guilt, or as tending to prove their guilt, they are erroneous, because they lacked supporting proof and were therefore improperly admitted in evidence.

The conviction of the plaintiffs in error not being

warranted by the evidence, the judgment of the Criminal Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*